**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARIA REYES-MATUL, | No. 14-71975 |
| Petitioner, | Agency No. A070-039-313 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jose Maria Reyes-Matul, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Reyes-Matul failed to establish past persecution or a well-founded fear of future persecution in Guatemala on account of a political opinion or imputed political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997) (record did not compel a finding that persecution occurred "on account of" political beliefs absent sufficient direct or circumstantial evidence); *see also Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("[petitioner's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.") (internal citation omitted). Thus, Reyes-Matul's asylum claim fails.

Substantial evidence also supports the BIA's denial of Reyes-Matul's CAT claim because he failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of any public official if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

14-71975